UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOR LEONARD,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON, ET AL.,<br><br>Defendants. | No.  2:22-cv-01373-KJM-CKD PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 1.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

I.     Legal Standards

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

II.     Facts alleged in the complaint

Plaintiff's complaint alleges claims against the California State Prison and nurse Leonard Bu. (ECF No. 1 at 1.) Plaintiff alleges that on June 30, 2020, he was attacked by another inmate when he was hit with a spear that was covered in feces and blood. (Id. at 3.) After plaintiff was hit by the spear, plaintiff sought medical treatment, but was sent back to his cell by Nurse Bu with a band-aid. (Id.) The complaint does not indicate whether plaintiff sustained any medical injury, illness, condition, or was otherwise in pain. Plaintiff seeks monetary damages for "refusing to let

[him] see a doctor as a form of reprisal medical malpractice and violation of the Hippocratic oath by registered nurse Bu." (Id.)

### III.     Analysis

While plaintiff could conceivably state an Eighth Amendment claim for deliberate indifference to serious medical need, the facts currently alleged are insufficient to support such a claim. To state an Eighth Amendment claim based on medical care in prison, a plaintiff must allege 1) a serious medical need, and 2) that defendants' response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). "Serious medical need" means a medical need that could result in further significant injury or the unnecessary and wanton infliction of pain if untreated. Id. "Indications of a serious medical need 'include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

Here, although plaintiff states he was struck by a contaminated spear, he does not allege the existence of any injury, medical condition, or chronic and substantial pain. Therefore, he has not alleged a serious medical need and fails to state a claim for a § 1983 violation based on deprivation of medical treatment.

Further, to the extent plaintiff's complaint alleges medical malpractice and violations of the Hippocratic oath, no cause of action that may be plead in federal court exists under either of these theories. Accordingly, plaintiff's complaint is dismissed with leave to amend.

### **STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

i.   be captioned "First Amended Complaint";
ii.  be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. use numbered paragraphs;
iv.  set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z,

   Claim II against defendants R and S, etc.);
 v. under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
 vi. include a general background facts section to orient the reader only as necessary;
 vii. include his statements for jurisdiction, venue, and relief sought as is necessary; and
 viii. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

  Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

  Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

## **ORDER**

  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: April 7, 2023

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

21, Leon.1373