UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOR LEONARD,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE PRISON, ET AL.,<br><br>    Defendants. | No.  2:22-cv-01373-KJM-CKD PS<br><br>ORDER |

Plaintiff, who is proceeding without counsel in this action, was granted leave to proceed in forma pauperis ("IFP") on April 7, 2023.[1]  (ECF No. 10.)  The court screened plaintiff's complaint and dismissed it with leave to amend.  (Id.)  Plaintiff filed a First Amended Complaint (FAC) on May 4, 2023.  (ECF No. 11.)  The court has reviewed plaintiff's FAC and finds that plaintiff fails to state a claim upon which relief can be granted.  Before recommending dismissal, however, the court gives plaintiff another opportunity to amend the complaint.

I.    Legal Standards

Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Rule 8(a) requires that a pleading

---

[1] Actions in which a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). " 'The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.' " Id. (citations omitted). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996). Further, the practice of "incorporat[ing] each

preceding paragraph, regardless of relevancy [has] been harshly criticized as a form of 'shotgun pleading' that violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice." Destfino v. Kennedy, 2008 WL 4810770, at *3 (E.D. Cal. Nov. 3, 2008).

II. First Amended Complaint

Plaintiff's First Amended Complaint (FAC) alleges Eighth Amendment violations against defendant California State Prison and defendant Nurse Bu based on a theory of deliberate indifference to a serious medical need. (ECF No. 11 at 1, 4.) On June 30, 2020, plaintiff was stabbed while in custody at the California State Prison, sustaining a painful one-inch by two-inch wound on his upper right arm, which bled for a week. (Id. at 1-2.) Immediately after sustaining the injury, plaintiff sought medical attention. (Id.) Nurse Bu provided plaintiff with a band-aid. (Id.) Plaintiff wanted to be seen by a doctor, but Nurse Bu sent plaintiff back to his cell. (Id.)

Over the course of the next six months, plaintiff made several complaints about his treatment through the prison's medical appeal process but did not receive a response. (Id. at 3.) Because plaintiff did not receive a response to his grievances, plaintiff concludes that Nurse Bu colluded with prison staff to prevent staff from responding to plaintiff's complaints and to cover up alleged misconduct. (Id.) Plaintiff further asserts that the prison's failure to provide redress to plaintiff via the medical appeal process was a due process violation. (Id.) Plaintiff seeks $50,000 in monetary damages. (Id. at 5.)

III. Analysis

A. Claims against the California State Prison

Plaintiff has improperly named the California State Prison as a defendant. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980). A state's department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983. See Hale v. State of Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993). As such, it may not be sued under § 1983. See Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001). Because the

3

California State Prison is not a proper defendant in a § 1983 case, plaintiff has not stated a claim against it, and the court must dismiss it from this action.

### B. Claims against Nurse Bu

#### 1. Eighth Amendment Claim

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F.3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation.

Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

Here, after plaintiff was injured, Nurse Bu provided plaintiff a band-aid and returned him to his cell. (ECF No. 11 at 2.) At most, plaintiff has alleged that he did not agree with Nurse Bu's decision to provide a band-aid, return him to his cell, and to not refer him to a doctor. However, mere difference of opinion between a plaintiff and medical staff does not amount to an Eighth Amendment violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Further, there are no facts that suggest that Nurse Bu's failure to provide more treatment could result in "further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Accordingly, plaintiff has not stated facts from which the court can reasonably infer a claim for deliberate indifference to a serious medical need.

2. Civil conspiracy

Plaintiff alleges Nurse Bu "colluded with the medical 602 appeal staff to cover up her misconduct by not allowing [his] complaints to be addressed," which the court liberally construes as a conspiracy claim. (ECF No. 11 at 3.) To state a claim for conspiracy to violate civil rights under § 1983, a plaintiff must "demonstrate the existence of an agreement or meeting of the minds 'to violate constitutional rights.'" Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (quoting Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999)). "To be liable, each participant in the conspiracy need not know the exact details of the

1  plan, but each participant must at least share the common objective of the conspiracy." Crowe,
2  608 F.3d at 440.  Further, the plaintiff "must allege facts with sufficient particularity to show an
3  agreement or a meeting of the minds to violate the plaintiff's constitutional rights." Davis v.
4  Powell, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. Oct. 4, 2012) (citation omitted).

5  Here, plaintiff has not properly alleged the existence of a constitutional violation, let alone
6  the existence of any shared agreement by medical staff to violate his rights.  Furthermore,
7  plaintiff's claim is far too speculative.  Plaintiff essentially asks the court to conclude that he
8  failed to receive a response to his complaints because of a conspiracy between Nurse Bu and
9  medical staff.  However, the fact that plaintiff did not obtain his desired outcome from the
10 medical appeal process does not support a reasonable inference that Nurse Bu and other staff
11 members agreed to violate plaintiff's constitutional rights.  Twombly, 550 U.S. at 555 (stating a
12 complaint must contain factual allegations sufficient to "raise a right to relief above the
13 speculative level.")  Accordingly, plaintiff has not stated a claim for civil conspiracy.

14                              3.   Due process claim

15 Plaintiff's due process claim is based on plaintiff's failure to receive redress from the
16 prison's medical appeal process, which was allegedly caused by Nurse Bu's conspiracy to cover
17 up misconduct.  (ECF No. 11 at 3.)  However, this claim fails as it is both factually and legally
18 unsupported.  First, as discussed above, plaintiff only speculates that Nurse Bu colluded or
19 engaged in any meeting of the minds with staff members to deprive plaintiff of treatment.
20 Second, plaintiff does not have a constitutionally protected right to due process in the prison
21 grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  Thus, plaintiff has
22 not stated a cognizable claim for a violation of his due process rights because there is no right to a
23 particular prison grievance process or response. See, e.g., Towner v. Knowles, 2009 WL
24 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a
25 deprivation of his federal rights after defendant allegedly screened out his inmate appeals without
26 any basis).  Accordingly, plaintiff has not stated a due process claim.

27        IV.   Conclusion and Leave to Amend
28 In conclusion, the undersigned finds plaintiff's FAC fails to state a claim upon which

relief can be granted and is inclined to recommend dismissal of plaintiff's complaint.  However, in light of plaintiff's pro se status, the court grants plaintiff an additional opportunity for amendment before recommending dismissal.

## STANDARDS FOR AMENDMENT

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "Second Amended Complaint";
ii. be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. use numbered paragraphs;
iv. set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
v. under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
vi. include a general background facts section to orient the reader only as necessary;
vii. include his statements for jurisdiction, venue, and relief sought as is necessary; and
viii. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the second amended complaint is filed, the original complaints no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

////

////

////

7

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

2. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: May 23, 2023

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, Leon.1373