UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOR LEONARD,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA STATE PRISON, ET AL.,<br><br>   Defendants. | No. 2:22-cv-01373-KJM-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding without counsel in this action, was granted leave to proceed in forma pauperis ("IFP") on April 7, 2023.[1] (ECF No. 10.) Plaintiff filed a Second Amended Complaint (SAC) on June 22, 2023. (ECF No. 13.) As discussed below, the undersigned finds that plaintiff's SAC fails to state a claim and therefore recommends dismissal.

I.   Legal Standards

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

### A. Subject Matter Jurisdiction and Frivolity

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

### B. Federal Notice Pleading and a Complaint's Failure to State a Claim

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

2

entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). " 'The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.' " Id. (citations omitted). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

II.     Second Amended Complaint

Plaintiff's Second Amended Complaint names California State Prison and Nurse Bu as defendants. (ECF No. 13.) Plaintiff alleges that on June 30, 2020, he was stabbed by another inmate with a blade contaminated with feces and suffered a puncture wound. (Id. at 2.) Plaintiff

3

does not allege he developed an infection or any other illness due to the contamination.

Plaintiff sought treatment for the wound and one of the prison nurses, defendant Nurse Bu, applied a band-aid and sent plaintiff back to his cell. (Id. at 3.) Defendant did not provide any additional treatment for plaintiff or refer him to a doctor, despite plaintiff's request. (Id.) Plaintiff alleges that the contaminated blade exposed plaintiff to the risk of future infection and asserts Eighth Amendment violations against Nurse Bu for failure to treat plaintiff in light of these risks. (Id. at 2.)

Plaintiff states he suffered significant injury and physical and emotional harm but does not describe how the injury was significant or how the physical and emotional harm manifested itself. (Id. at 4-5.) He seeks $50,000 in damages for the physical pain, emotional distress, and civil rights violation. (Id. at 3)

III. Analysis

A. Deliberate indifference to puncture wound

To state a claim for deliberate indifference to a serious medical need, plaintiff must establish: 1) that he suffered a "serious medical need" and 2) that defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

Plaintiff has not met either prong. Examples of serious medical needs include the presence of a medical condition that significantly affects an individual's daily activities or the existence of chronic and substantial pain. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Here, plaintiff alleges his puncture wound was a "significant injury," but has not told the court what made the injury significant. (ECF No. 13. at 4-5.) In a situation where, as here, the injury alleged is a flesh wound, plaintiff must do more than assert he suffered a "significant injury" and physical and emotional harm; he must assert facts from which the court can infer such an injury was serious. Such facts might include whether plaintiff lost consciousness from the pain or bleeding, developed an infection, or the healing process interfered with his daily activities for an abnormally long amount of time. In Lopez v. Smith, for instance, the court determined that

1 plaintiff's medical needs were serious where plaintiff suffered a broken jaw and his mouth was
2 wired shut for several months, affecting his daily activities and ability to eat. (Id.) In contrast,
3 plaintiff's SAC lacks any allegations indicating that plaintiff's puncture wound was serious.
4 Thus, the court can only infer that his wound healed, as wounds typically do.

5     As for the second prong, plaintiff has not alleged defendant was indifferent or any harm
6 resulting from any indifference. Based on the facts alleged, Nurse Bu appears to have responded
7 to plaintiff's request by providing a band-aid. (ECF No. 13 at 3.) As the court has previously
8 explained, a mere difference of opinion in treatment does not amount to deliberate indifference.
9 See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Further, even if Nurse Bu was
10 indifferent, there are no facts from which the court can infer that Nurse Bu's decision to provide a
11 band-aid and not refer plaintiff to a doctor resulted in further harm to plaintiff.

12     B. Plaintiff lacks standing to seek damages based on risk of infection

13     To the extent that plaintiff's Eighth Amendment violation allegation concerns defendant's
14 failure to refer plaintiff to the doctor in light of the risk of infection caused by the contaminated
15 blade, and not the existence of the wound itself, this claim lacks standing. Article III limits
16 federal courts jurisdiction to "cases and controversies." Valley Forge Christian College v.
17 Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471, 102 (1982). A
18 plaintiff cannot establish a case or controversy if a plaintiff cannot establish standing. Steel Co. v.
19 Citizens for a Better Env't, 523 U.S. 83, 101, 118 (1998). To have Article III standing, a plaintiff
20 must establish: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and
21 (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the
22 challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the
23 injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl.
24 Servs., 528 U.S. 167, 180–81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-56
25 (1992)).
26 ////
27 ////
28 ////

In a suit for damages, the mere risk of future harm cannot qualify as a concrete harm. TransUnion LLC v. Ramirez, 210 L. Ed. 2d 568, 2210–11 (2021).[3] Thus, plaintiff's claim, insofar as plaintiff's request for damages is based on the risk of future infection caused by the contaminated blade, is not a "concrete harm," i.e., an "injury in fact," and therefore plaintiff lacks standing.

Finally, to the extent plaintiff alleges that the exposure to the risk of contamination caused a separate harm in the form of emotional injury, such a claim is barred under the Prison Litigation Reform Act, as it is not tied to any underlying physical injury caused by defendant's constitutional violation. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."); Oliver v. Keller, 289 F.3d 623, 627-28 (9th Cir. 2002) (holding that the qualifying physical injury need not be significant, but it must be more than de minimis).

####    IV.    Conclusion

In conclusion, the undersigned finds plaintiff's SAC fails to state a claim upon which relief can be granted and therefore recommends dismissal. While the court's approach to pro se litigants is to allow liberal amendment, the court need not do so when it would be futile. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff has been granted two opportunities to amend his complaint. Accordingly, the undersigned recommends dismissal without leave to amend.

/////

---

[3] In contrast, courts have found threat of future harm sufficient to establish standing where plaintiff seeks an injunction. See Martinez Franco v. Jennings, 456 F. Supp. 3d 1193, 1197–98 (N.D. Cal. 2020) (finding plaintiff had standing to seek injunctive relief based risk of contracting COVID-19 in an immigration detention center; Helling v. McKinney, 509 U.S. 25, 113 S. Ct. 2475, 125 L.Ed.2d 22 (1993)(inmate stated Eighth Amendment claim based upon possible future harm to health, as well as present harm, arising out of exposure to second-hand smoke). But that is not the case here because plaintiff seeks damages. (ECF No. 13 at 5, requesting $50,000 in damages). Further, even if plaintiff were seeking an injunction, such claims would be moot, as plaintiff does not allege that he is currently incarcerated. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989).

**FINDINGS AND RECOMMENDATIONS**

Accordingly, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 17, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, leon.1373